# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| QUANTRELL BLACKMAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 10 C 4322 |
| v. | ) |
| | ) |
| C/O NORMAN, et al., | ) JUDGE DAVID H. COAR |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Quantrell Blackman resides within the Illinois Department of Corrections and at all times referenced in his complaint was incarcerated at Stateville Correctional Center in Joliet, Illinois. Blackman brings this action against c/o Norman, c/o Peterson, and Lieutenant Michel (collectively "Defendants") under 42 U.S.C. § 1983, alleging that Defendants failed to protect him from committing acts of self-harm. Defendants move to dismiss Blackman's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, Defendants' motion to dismiss is GRANTED.

## FACTUAL BACKGROUND

The following facts drawn from Blackman's complaint are accepted as true for the purpose of resolving Defendants' motion to dismiss. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). At approximately 10:00 a.m. on January 31, 2009, Blackman informed Defendants Michel and Norman that he needed to see a crisis team member because he felt like harming himself by cutting his arm and wrist. According to Blackman, Michel and Norman laughed at his request and told him that he "[would] be doing the world a favor by killing [him]self." (Compl. at 7.) Michel then instructed Norman to put Blackman back in his cell.

Blackman responded by telling Norman and Peterson that he would cut himself if he was put back in his cell. In response, both correctional officers allegedly laughed and told Blackman "to grow up and stop being a bitch." (*Id.*)

Defendants ignored Blackman's request and returned him to his cell. As soon as he was uncuffed in his cell, Blackman took a piece of glass from his window and cut his wrist and arm. He cut himself three times in front of Norman and Peterson and reiterated that he needed to speak to a crisis team member. Despite seeing that Blackman was bleeding, Norman and Peterson laughed and walked away. About 15 minutes later, Norman and Peterson returned along with Michel. Blackman then cut himself again in front of all three Defendants. According to Blackman, they all laughed and said that his cuts "weren't shit." (*Id.* at 8.) Approximately 30 minutes later, Blackman was taken to the sergeant's office, where his cuts were cleaned by a medical technician. While having his cuts cleaned, Blackman told the sergeant, medical technician, and Peterson that he needed to see a crisis team member because he felt like cutting himself again. Blackman claims that Defendants laughed at him once more and continued to deny him access to a crisis team member.

After Blackman's visit to the sergeant's office, Peterson and Norman returned him to his cell. Although he told them that he "desperately needed to see a crisis team member," his request was denied. (*Id.*) Blackman retrieved another piece of glass and cut himself again in front of Norman and Peterson, who watched and then walked away. About 30 minutes later, Blackman stopped Peterson as he was walking by his cell and proceeded to cut himself again in front of Peterson. According to Blackman, Peterson just looked at him and walked away.

Blackman was taken to the Health Care Unit ("HCU") at approximately 1:45 p.m., and he was placed on suicide watch at approximately 4:30 p.m.

**LEGAL STANDARD**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded allegations in the plaintiff's complaint as true and draws all possible inferences in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). To survive a motion to dismiss, a complaint must simply "state a claim that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it demonstrates "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949. The plaintiff's factual allegations need not be "detailed," but they must include more than "labels and conclusions" in order to "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted).

**ANALYSIS**

Blackman brings this suit under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his medical needs because they ignored his repeated requests for a crisis counselor and failed to immediately place him on suicide watch. "It is well established that 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The Eighth Amendment's prohibition on "cruel and unusual punishments" requires prison officials to take reasonable measures to guarantee inmates' safety, including the provision of adequate medical

care. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A prisoner bringing an Eighth Amendment claim based on inadequate medical care must establish two elements: "(1) the prisoner suffered an objectively serious harm that presented a substantial risk to his safety, and (2) the defendants were deliberately indifferent to that risk." *Minix*, 597 F.3d at 831.

Defendants move to dismiss Blackman's complaint under Rule 12(b)(6), arguing that Blackman's allegations do not rise to the level of a constitutional violation based on deliberate indifference. Without saying so directly, Defendants seem to contend that Blackman has not satisfied the first prong of the deliberate indifference inquiry. Defendants dismiss the seriousness of Blackman's alleged condition, devoting a section of their brief to arguing that Blackman "was simply attempting to manipulate the Defendants into calling a crisis counselor, for reasons only he knows." (Dkt. 14 at 5.) Regardless of Blackman's true mental state, the Court is required to accept his allegations as true and draw inferences in his favor at this stage. *See Tamayo*, 526 F.3d at 1081. Blackman alleges that he was suicidal, and accepting that allegation as true, the Court must conclude that Blackman's condition was objectively serious. *See Minix*, 597 F.3d at 831 ("it goes without saying that suicide is a serious harm") (citation and quotation marks omitted); *see also Sanville v. McCaughtry*, 266 F.3d 724, 734 ("The need for a mental illness to be treated could certainly be considered a serious medical need.")

Where the harm at issue is suicide or attempted suicide, the second component of the Eighth Amendment inquiry "requires a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded the risk." *Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006). Addressing the first requirement, Defendants argue that Blackman alleges no facts suggesting they were aware that he was

suicidal. Defendants are mistaken. Blackman alleges that Defendants Michel and Norman told him that he "[would] be doing the world a favor by killing [him]self." (Compl. at 7.) At least with respect to these defendants, Blackman has alleged enough to satisfy the requirement that Defendants knew he was suicidal.

Nevertheless, Blackman's claim fails because he cannot establish that Defendants were deliberately indifferent to the risk that he would commit suicide. Imposing a "high hurdle" for a plaintiff to overcome, the deliberate indifference showing requires "something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Collins*, 462 F.3d at 762 (citations and quotation marks omitted). A defendant who is aware of a substantial risk of suicide "need not 'take perfect action or even reasonable action[,] . . . his action must be reckless before § 1983 liability can be found." *Id.* (quoting *Cavalieri v. Shepard*, 321 F.3d 616, 622 (7th Cir. 2003)). Blackman alleges that, over the course of several hours, Defendants ignored his repeated requests for a crisis counselor and mocked him as he cut himself. Certainly, Defendants' alleged behavior and comments were insensitive and even cruel. However, despite their allegedly harsh treatment of Blackman, Defendants did ensure that Blackman received medical attention. Approximately 45 minutes after his first request for a crisis counselor, Defendants took Blackman to the sergeant's office, where a medical technician treated his cuts. Less than four hours after his initial request, Blackman was taken to the Health Care Unit and eventually placed on suicide watch. The Seventh Circuit has recognized that "[a] delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan*, 612 F.3d at 640. Although Blackman experienced a delay of several hours between his initial request for a crisis counselor and his receipt of medical attention, Blackman has not alleged that the delay exacerbated his injury or

unnecessarily prolonged his suffering. Indeed, Defendants removed Blackman from his cell before he ever attempted suicide. Defendants may not have taken perfect action in the face of Blackman's requests for a crisis counselor and acts of self-harm; however, under the facts Blackman has alleged, Defendants' conduct does not reflect "a total unconcern for [his] welfare." *Collins*, 462 F.3d at 762. Nor does Defendants' conduct rise to the extreme level necessary to constitute deliberate indifference in violation of the Eighth Amendment. Blackman has failed to state a claim upon which relief can be granted, and therefore his complaint must be dismissed.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Blackman's complaint under Fed. R. Civ. P. 12(b)(6) is GRANTED.

Enter:
/s/ David H. Coar

_____
David H. Coar
United States District Judge

**Dated:** December 16, 2010